STATE OF IOWA v. JAMES MAXWELL, Appellant.

**Seduction:** CONVICTION SUSTAINED. Evidence considered, and *held*
sufficient to support a conviction for seduction.

**Instructions:** *Cumulative requests.* The refusal to give a re-
quested instruction, practically covered by one given, is not
error.

*Appeal from Keokuk District Court.*—HON. W. G. CLEM-
ENTS, Judge.

WEDNESDAY, OCTOBER 8, 1902.

THE defendant was convicted of the crime of seduction.
From a judgment following such conviction, he appeals.—
*Affirmed.*

*C. H. Mackey* and *D. W. Hamilton* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A.
Van Vleck,* Assistant Attorney General, for the State.

SHERWIN, J.—The appellant's principal contention is
that the evidence is insufficient to support the verdict.
We cannot give the evidence in detail, and shall refer
specifically to only such parts thereof as we deem of con-
trolling importance, and upon which alone we think the
jury was justified in finding a verdict of guilty.

At the time of the alleged seduction, April 10, 1898,
the prosecuting witness was about 21, and the defendant
about 31, years of age. They were both then, and had
been for some time, members in good standing of the same
church. The testimony of both the prosecuting wit-
ness and the defendant is to the effect that they first
began keeping company early in 1896, and went to-
gether at irregular intervals during a part of that year.

His attentions to her were again renewed in September, 1897, and continued with regularity until the latter part of October, 1898. She testified that she first submitted to his embraces during the early night of April 10, 1898, in the residence of the family where she was serving as a maid, and that intercourse was had at different times thereafter. The defendant admits the indulgence at this time and subsequently, but says that the first carnal knowledge they had of each other was on the 9th day of September, 1897, at the same place. The evidence tends to show that there was talk of marriage between the parties as early as 1896; that the defendant caressed and kissed the prosecutrix, and addressed to her endearing terms and words of love, which since the beginning of time have been the insignia of affection and desire. She also testified that she permitted him to deflower her only after his solemn promise of marriage, and assurance to her that it was not wrong under the circumstances, and that many other young people were doing the same thing. This promise and these assurances he of course denies, and says that at the time of their first intercourse she made the advances, and in reality seduced him. This plea is hoary with age, but to the credit of the sex it may be said that it is seldom interposed, and less often believed. Indeed, we think it may safely be asserted that from its interposition in the garden of Eden to the present time it has been but little favored by either layman or divine; hence it is not strange that the jury in this case did not give it more credit than the verdict indicates.

There was a feeble attempt made to show that the prosecutrix was at the time, and had been for some time prior even to the 9th of Setember, 1897, of unchaste character, and the defendant testified that she admitted to him, soon after she had seduced him, that she had been ruined previous thereto by another young man. Laying aside her most emphatic denial of any statement of this kind, and

of any foundation therefor, we think the circumstances, taken as a whole, fully warrant the conclusion that such testimony was manufactured for the occasion, for it is almost beyond belief that a young woman of apparent respectability would make such a confession to any one, no matter what the truth might be; much less would she be apt to make it to a suitor of more than a year's time. Furthermore, if she was as depraved as his testimony would indicate, he would hardly have continued the assiduous attention he was paying her, in public and in private, after knowledge of such fact was imparted to him. It is possible, but not probable, that an abandoned woman of the lowest type might explain her occupation by such an assertion, but that a girl with the position in a respectable community which the prosecutrix occupied should do so is so improbable as to tax the credulity of the most susceptible.

We have given the whole record the care which its importance demands, and are fully satisfied that we should not reverse on the facts therein presented.

But a single other objection is noticed in the appellant's argument, and this we think without merit. The instruction asked was practically covered by the one given by the court, and we think, on the whole, that the entire charge of the court was as favorable to the defendant as could well be asked.

The judgment is therefore AFFIRMED.